## THE BRIDGEPORT-CITY TRUST CO., ET ALS., TRUSTEES
### vs.
## THE BRIDGEPORT LAND AND TITLE COMPANY

## GUY P. MILLER, RECEIVER OF THE BRIDGEPORT LAND AND TITLE COMPANY
### vs.
## THE EMERALD CORPORATION

Superior Court     Fairfield County     File #50431, 50899

### MEMORANDUM FILED AUGUST 8, 1938.

Marsh, Stoddard & Day, and Boardman & Grout, both of Bridgeport, for the Plaintiffs.

Frederick C. Beach, of Stratford; William W. Gager, of Waterbury; Harry Lessin, of South Norwalk; Charles J. McLaughlin, of Hartford; David R. Lessler, Pullman & Comley, William Webb, John T. L. Hubbard, Frederick E. Morgan, Boardman & Grout, Finklestone & Finklestone, John J. Cullinan, Howard L. Shaff, and Curtis, Stoddard & Marsh, all of Bridgeport, for the Defendants.

DICKENSON, J.   The briefs of the parties are so exhaustive that little may be added by way of precedent or authority.

It is illuminating however to consider the rules relating to the appointment of receivers. Section 238 of the Practice Book (1934) requires that "such inquiry as is practicable shall be made by the judge or court relative to the solvency of the estate", and if "it appears to the judge or court that the estate is insolvent, the estate shall be promptly liquidated and no further continuance of business, except for the purpose of liquidation, shall be permitted, unless, because of exceptional circumstances, it shall be otherwise ordered."

The appointment of a receiver terminates the right of the corporation to carry on its business as such. It may only continue it by order of Court and then does so "solely under the law and the orders and direction of the court, and not under

the corporate franchise." *Shippee vs. Commercial Trust Co.*, 115 Conn. 313, 325.

The State, through its legislative branch, has given a corporate franchise to do business. Through its judicial branch it has taken it away. There is nothing antagonistic in this. The State speaks in each instance through different departments.

When, therefore, the State through its legislative branch says that the word "taxpayer" and "company" shall include any corporation, and that in turn shall include a receiver thereof, and that corporations, and so receivers carrying on or having the right to carry on business, shall be taxed, it means corporations given the right to carry on business by legislative act, and receivers carrying on the business of a corporation through the order of its Courts.

A common sense definition of "carry on" used in connection with section 238, supra, would not seem to include liquidation. The statute (Supp. [1937] §255d) contemplates going, not expiring corporations. Working through its judicial branch the State purposes to tax business carried on in corporate form through order of Court, along with other corporations, but not corporations whose right to carry on business has been terminated by the Courts. The State says, in effect, that a corporate franchise may be exercised under the general corporate law until that right has been taken away by its judicial branch, and when it has been taken away and has not been extended by the Courts the corporation has no right to carry on business and is therefore not taxable for such a right.

In the instant case it appears that the Emerald Corporation was not authorized to carry on business in 1937, nor did it attempt to. The Bridgeport Land and Title Company carried on business until May 3, 1937, and was authorized, i.e., had the right to carry on business, until October 1, 1937.

The advice and order of the Court is that no taxes be paid by the Emerald Corporation receiver and that taxes be paid by the Bridgeport Land and Title Company receiver to October 1, 1937.